1
2
3
4
5
6
7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    YARRY FINE,                                CASE NO. 12cv165 WQH (BGS)

12                              Plaintiff,        **ORDER**
                vs.
13    CAMBRIDGE INTERNATIONAL
      SYSTEMS, INC., a Virginia corporation;
14    HEATHER SUMMERS, a Virginia
      resident; EDWARD HUGHES, a Virginia
15    resident; DOES 1 through 10, inclusive,

16                              Defendants.

17    HAYES, Judge:

18          The matters before the Court are (1) the Motion to Dismiss for Lack of Personal

19    Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Improper Venue Pursuant to Fed. R.

20    Civ. P. 12(b)(3), or in the Alternative, to Transfer to Eastern District of Virginia (ECF No. 6)

21    filed by Defendants Cambridge International Systems, Inc., Heather Summers, and Edward

22    Hughes and (2) the Motion for Leave to File First Amended and/or Supplemental Complaint

23    and Remand to State Court (ECF No. 12) filed by Plaintiff Yarry Fine.

24    **I.    Background**

25          Plaintiff Yarry Fine is a resident of California.  Defendants Cambridge International

26    Systems, Inc. ("Cambridge International Systems"), Heather Summers, and Edward Hughes

27    are residents of Virginia.

28          On December 20, 2011, Plaintiff initiated this action by filing a Complaint in the

Superior Court of California for the County of San Diego.  Plaintiff alleges that during the summer of 2011, Plaintiff was employed in San Diego, California as a business developer for a government services company.  Plaintiff alleges that he began looking for a new job. Plaintiff alleges that he applied to Cambridge International Systems and spoke with Defendant Summers, Senior Vice President for Strategy, Enterprise, and Market Development for Cambridge.  Plaintiff alleges that Summers offered Plaintiff a position as a Business Development Manager in the Cambridge International Systems San Diego office.  Plaintiff alleges that he told Summers it was important to him that the "position being offered to him by Cambridge would not quickly disappear." (ECF No. 1 at 8).  Plaintiff alleges that Summers represented that Cambridge was a large and stable company and that the position "was not being offered ... [to him] for a specific period of time," but that it "would last a reasonable period of time" and that Plaintiff's bonus period would cover 2011 and 2012.  *Id*. at 9. Plaintiff alleges that he accepted the position with Cambridge and began work in October 2011.

Plaintiff alleges that Defendant Hughes, Director of Human Resources for Cambridge, sent Plaintiff an email on December 1, 2011, explaining that Plaintiff was getting laid off due to a "reorganization."  *Id*. at 10.  Plaintiff alleges that he refused to sign the proposed separation agreement and represented to Cambridge International Systems, through counsel, that Plaintiff would file suit under California Labor Code section 970 unless Cambridge International Systems provided him with three months salary as a severance payment.  Plaintiff alleges that Cambridge International Systems declined to provide him with the severance payment.  Plaintiff alleges that he filed a request for unemployment compensation with the California Employment Development Department.  Plaintiff alleges that on December 15, 2011, Defendant Hughes sent a letter to the California Employment Development Department stating that Plaintiff had been terminated for unsatisfactory performance.

Plaintiff asserts the following claims: (1) violation of Cal. Lab. Code § 970 regarding solicitation of employees by misrepresentation against Defendants Cambridge International Systems and Summers; (2) intentional infliction of emotional distress; (3) defamation; and (4)

interference with prospective economic advantage against all Defendants.

On January 20, 2012, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1332 on the grounds of diversity jurisdiction.  (ECF No. 1).  On January 27, 2012, Defendants filed the Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 4).

On January 30, 2012, Defendants filed a request to strike and remove the Motion to Dismiss from the docket.  (ECF No. 7).  Defendants stated: "Subsequent to filing, Defendants were made aware that [the Motion to Dismiss] contained personal information of Plaintiff Yarry Fine that should be redacted under Federal Rule of Civil Procedure 5.2." *Id.* at 2.  The Motion to Dismiss was stricken and removed from the docket on February 7, 2012.

On January 30, 2012, Defendants filed the Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3), or in the Alternative, to Transfer to Eastern District of Virginia.  (ECF No. 6).  Defendants Summers and Hughes seek dismissal of the claims against them for lack of personal jurisdiction and Defendant Cambridge International Systems seeks dismissal of the claims against it for improper venue or, in the alternative, Defendant Cambridge International Systems seeks transfer to the Eastern District of Virginia.

On May 3, 2012, Plaintiff filed a Motion for Leave to File First Amended and/or Supplemental Complaint and Remand to State Court.  (ECF No. 12).  Plaintiff submitted a copy of the proposed First Amended and/or Supplemental complaint which re-alleges the claims against Defendants Cambridge International Systems, Summers, and Hughes and adds defense counsel Dick Semerdjian and the law firm of Schwartz Semerdjian Ballard & Cauley LLP ("SSB&C") as defendants.   Plaintiff alleges that Semerdjian and SSB&C submitted a copy of Plaintiff's employment application along with the Motion to Dismiss filed on January 27, 2012. Plaintiff alleges that the employment application contained "private and confidential information concerning Plaintiff, particularly ... his date of birth, social security number, residential address, home telephone number, and mobile telephone number, as well as Plaintiff's employment history from the period from October 2000 through August 2011, including Plaintiff's job titles and duties, starting pay, and ending pay, at the employers for

1   which Plaintiff worked during that period." (ECF No. 12-1 at ¶ 65). Plaintiff asserts

2   additional claims against all Defendants including: violation of Plaintiff's right to privacy

3   under the California Constitution, violation of Plaintiff's common law right of privacy,

4   violation of California Civil Code section 1798.85, and negligence. Semerdjian and SSB&C

5   are citizens of California. Plaintiff seeks remand to the state court because the addition of

6   California citizens as Defendants in this case destroys complete diversity.

7   **II.     Motion for Leave to File First Amended and/or Supplemental Complaint**

8          Plaintiff contends that he should be permitted to file a supplemental pleading asserting

9   claims regarding invasion of privacy which arose after Defendants and Defendants' counsel

10  filed his personal and confidential information as part of the Motion to Dismiss. Plaintiff

11  contends that the case should be remanded to state court because diversity is destroyed by the

12  addition of California citizens as Defendants in this case.

13         Defendants contend that Plaintiff seeks to add Defense counsel and Defense counsel's

14  firm as Defendants in this case to divest the Court of jurisdiction over the case. Defendants

15  contend that the Court should exercise its discretion to deny the joinder of Defendants which

16  destroys subject matter jurisdiction. Defendants contend that the additional claims are

17  meritless because the litigation privilege applies to immunize Defendants and Defendants'

18  counsel from liability for torts arising from communications with the court.

19         "On motion and reasonable notice, the court may, on just terms, permit a party to serve

20  a supplemental pleading setting out any transaction, occurrence, or event that happened after

21  the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) applies to

22  claims that could not have been litigated until after the original complaint was filed. *See*

23  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998).

24         The standard for granting leave to file a supplemental complaint under Rule 15(d) is the

25  same as the standard for granting leave to file an amended complaint under Rule 15(a). *See*

26  *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996). Federal Rule of Civil

27  Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed.

28  R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital,*

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

In this case, the proposed First Amended and/or Supplemental Complaint contains claims which did not exist at the time of filing the Complaint.  Plaintiff is entitled to a presumption under Rule 15 in favor of granting leave to file a supplemental complaint. However, diversity jurisdiction will be destroyed by the filing of the proposed First Amended and/or Supplemental Complaint.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.§ 1447(e). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).

The court considers six factors to determine whether to allow joinder including: "(1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

In this case, the supplemental claims are related to the publication of private information in the course of this litigation.  Resolution of the supplemental claims will not affect the adjudication of Plaintiff's prior claims for violation of Cal. Lab. Code § 970 regarding

solicitation of employees by misrepresentation, for intentional infliction of emotional distress from Plaintiff's termination, for defamation and for interference with prospective economic advantage.  Joinder of Semerdjian and SSB&C are not needed for just adjudication of the existing claims pursuant to Rule 19(a).  *See* Fed. R. Civ. P. 19(a) (stating that a party should be joined if "in the person's absence, the court cannot accord complete relief among existing parties ....").  The filing which is the subject of Plaintiff's supplemental complaint was docketed on January 27, 2012.  The statute of limitations would not preclude an original action against the new defendants in state court.  The denial of joinder would not prejudice Plaintiff because Plaintiff could bring the supplemental claims in state court.  The Court finds that these factors weighs against permitting the supplemental complaint to be filed.

Plaintiff filed the Motion for Leave to File First Amended and/or Supplemental Complaint approximately three months after the filing which is the subject of Plaintiff's supplemental complaint was docketed.  The proposed First Amended and/or Supplemental Complaint contains claims which did not exist at the time of filing the Complaint.  The Court does not find that there was an unexplained delay in requesting joinder.  There is no evidence that joinder is intended solely to defeat federal jurisdiction.  The Court finds that these factors weigh in favor of permitting the supplemental complaint to be filed.

Plaintiff asserts supplemental claims stemming from the Defendants' filing of an exhibit in support of a Motion to Dismiss that included unredacted information from Plaintiff's employment application.  Plaintiff alleges that the publication of private information violated Plaintiff's right to privacy under the California Constitution, violated Plaintiff's common law right of privacy, violated California Civil Code section 1798.85, and violated common law negligence.  The Court must consider whether the claims appear valid.

California provides a litigation privilege which bars suit regarding a "publication or broadcast ... made: ... [i]n any ... judicial proceeding ...."  Cal. Civ. § 47(b).  "The usual formulation is that the [litigation] privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to

the action." *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 955 (Cal. 2007) (quotation omitted). The litigation privilege applies as a matter of law to bar all tort causes of action except for malicious prosecution. *Jacob B.*, 40 Cal. 4th at 960; *see also Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (Cal. App. 2010). "The litigation privilege is broadly applied and doubts are resolved in favor of the privilege." *Ramalingam v. Thompson,* 151 Cal. App. 4th 491, 500 (Cal. App. 2007) (citations omitted). The litigation privilege applies "irrespective of the communication's maliciousness or untruthfulness." *People ex rel. Gallegos v. Pacific Lumber Co.,* 158 Cal. App. 4th 950, 958 (Cal. App. 2008).

California Civil Code section 1798.85 provides that "a person or entity may not do any of the following: (1) Publicly post or publicly display in any manner an individual's social security number. 'Publicly post' or 'publicly display' means to intentionally communicate or otherwise make available to the general public." Cal. Civ. Code § 1798.85. However, "there is no private right of action under California Civil Code § 1798.85." *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 917 (N.D. Cal. 2009).

The Court finds that the exhibit to the Motion to Dismiss is a communication to the Court made in a judicial proceeding which relates to the issue of this Court's jurisdiction over individual Defendants Summers and Hughes and whether the claims against Defendant Cambridge International Systems were asserted in a proper venue. The Court concludes that Plaintiff's supplemental claims are likely barred by the litigation privilege. Accordingly, the claims against the additional Defendants do not appear to be valid. The Court finds that this factor weighs strongly against permitting the supplemental complaint to be filed.

In sum, although Plaintiff is entitled to a presumption under Rule 15(a) in favor of granting leave to file the First Amended and/or Supplemental Complaint, the Court must consider whether to allow joinder of additional Defendants that destroy diversity. The Court finds that the supplemental claims against Defendants do not appear to be valid which weighs strongly against permitting the supplemental complaint to be filed. The Court finds that there are other factors that weigh against permitting the supplemental complaint to be filed which include that Semerdjian and SSB&C are not needed for adjudication of the existing claims, the

statute of limitations would not preclude an original action against Semerdjian and SSB&C, and denial of joinder will not prejudice Plaintiff. The Court finds that some factors weigh in favor of permitting the supplemental complaint to be filed including that there has not been an unexplained delay in requesting joinder and that there is no evidence that joinder is intended solely to defeat federal jurisdiction. The Court concludes that the factors that weigh against permitting the First Amended and/or Supplemental Complaint to be filed are sufficiently strong to overcome the Rule 15(a) presumption. The Court exercises its discretion pursuant to 28 U.S.C.§ 1447(e) to deny joinder of additional Defendants who would destroy subject matter jurisdiction.

### III. Motion to Dismiss Claims Against Defendant Cambridge for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3)

Defendant Cambridge seeks to dismiss the Complaint on the grounds that venue in the Southern District of California is improper. Defendant Cambridge contends that Plaintiff and Defendant Cambridge entered into a employment agreement which contained a forum selection clause stating that any dispute relating to Plaintiff's employment must be brought in Virginia. Defendant Cambridge contends that each of Plaintiff's claims are encompassed by the forum selection clause on the grounds that "[n]ot only does Plaintiff put at issue the nature of the termination, but each of these claims only arise as a practical matter as a result of the termination of Plaintiff's employment with Cambridge." (ECF No. 11 at 11). Defendant Cambridge contends that the forum selection clause is enforceable because it is considered prima facie valid and it is not unconscionable.

Plaintiff contends that the forum selection clause does not encompass Plaintiff's claims on the grounds that Plaintiff did not sue for wrongful discharge and his "claims are based entirely on pre-employment and post-employment actions and statements by Defendants." (ECF No. 10 at 7). Plaintiff contends that the forum selection clause is unconscionable and unenforceable on the grounds that "Plaintiff was expressly informed that he was required to sign Cambridge's form employment agreement containing the [forum selection clause], as a condition to becoming employed by Cambridge" and enforcement of the clause would require

1    Plaintiff to bear the burden and expense of litigating in a distant forum.[1]  *Id.*

2        Defendant Cambridge has submitted a copy of the employment agreement signed by

3    Plaintiff which states:

> The Fairfax County Circuit Court or the United States District Court for
> the Easter District of Virginia, Alexandria Division, shall have
> exclusive jurisdiction and venue over any suit, claim, dispute or
> proceeding between the parties relating to this Agreement or to the
> termination of the Employee's employment with Cambridge.

7    (ECF No. 6-2 at 13).

8        For purposes of venue, the place where the claim arose is governed by federal law.

9    *Dist. No.1, Pacific Coast Distrib., M.E.B.A. v. Alaska*, 682 F.2d 797, 798 (9th Cir. 1982).

10   Plaintiff has entered into an employment agreement with Defendant Cambridge which includes

11   broad language.  *See Chiron Corp. v. Ortho Diagnostics Sys., Inc.*, 207 F.3d 1126, 1131 (9th

12   Cir. 2000) (describing the term "relating to" as "broad and far-reaching"); *Fleet Tire Serv. of*

13   *North Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 621 (8th Cir. 1997) (explaining that the

14   language "relating to ...constitutes the broadest language the parties could reasonably use ....").

15   The allegations of the Complaint establish that each of Plaintiff's claims arise from and relate

16   to his termination from Cambridge International Systems.  The Court finds that the forum

17   selection clause encompasses the claims at issue in Plaintiff's Complaint.

18       Under California law, a contractual clause is unenforceable if it is both procedurally and

19   substantively unconscionable.   *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir.

20   2007) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).

21   "'[B]oth [must] be present in order for a court to exercise its discretion to refuse to enforce a

22   contract or clause under the doctrine of unconscionability.'"   *Id.* at 1072-73 (quoting

23   *Armendariz*, 24 Cal. 4th at 114).   A contract of adhesion is procedurally unconscionable when

24   it is "presented on a take-it-or-leave-it basis and [is] oppressive due to 'an inequality of

25

---

26       [1]  Plaintiff contends that "[arguably] the [forum selection clause] is not part of the
     agreement between Cambridge and Plaintiff" on the grounds that the true agreement between
27   the parties was the offer letter and Plaintiff's acceptance, not the later employment agreement.
     (ECF No. 10 at 7).   However, the offer letter expressly states that it is conditioned upon
28   Plaintiff "accept[ing] and sign[ing] the employment agreement" which contains the forum
     selection clause.  (ECF No. 6-2 at 10).

bargaining power that result[ed] in no real negotiation and an absence of meaningful choice.'" *Nagrampa*, 469 F.3d at 1281 (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App.4th 846, 853 (2001); *see also Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002). "Substantive unconscionability relates to the effect of the contract or provision. ... [and focuses on] whether those terms are so one-sided as to *shock the conscience*." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1075 (9th Cir. 2007) (quotation omitted) (emphasis in original).

Generally, forum selection clauses are "prima facie valid and are enforceable" because they reflect the intent of the parties. *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006). A forum selection clause is not enforceable if "the party challenging enforcement shows the clause is unreasonable under the circumstances." *Id.* (citing *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996)).[2] The party seeking to avoid enforcement of a forum selection clause must show that the clause is unreasonable as a result of (1) "fraud, undue influence, or overweening bargaining power"; (2) "the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court"; or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *R.A. Argueta*, 87 F.3d at 325 (quotations omitted) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

In this case, Plaintiff asserts that the forum selection clause was provided on a take-it-or-leave-it basis indicating that there is an element of procedural unconscionability to the employment agreement. However, the Court concludes that the forum selection clause is not substantively unconscionable. *See Davis*, 485 F.3d at 1072 (holding that a contractual clause must be both procedurally and substantively unconscionable to be unenforceable). The

_____

[2] Plaintiff contends that the holding in *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531 (6th Cir. 2002) "that if venue is proper under [28 U.S.C. § 1391], a motion to transfer for improper venue [based on a forum selection clause] will not lie" precludes consideration of the forum selection clause in this case. However, "[*Kerobo*] is contrary to Ninth Circuit law and does not bind [a district court in the Ninth Circuit]." *Waters v. Advent Product Development, Inc.*, Case No. 07cv2089 BTM (LSP), 2008 WL 7683231 (S.D. Cal. June 26, 2008) (citing *Spradlin v. Lear Siegler Mgmt. Servo Co., Inc.*, 926 F.2d 865 (9th Cir. 1991)).

forum selection clause requires that Plaintiff's claims be brought in the venue where Plaintiff's former employer is located, where the decision to terminate Plaintiff was made, and where the majority of witnesses regarding Plaintiff's employment including his supervisors and company management are located. Plaintiff has failed to show that the forum selection clause is unreasonable under the circumstances. Plaintiff has failed to show that the forum selection clause is unenforceable.

When the court determines that venue is improper the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is not in the interest of justice to transfer an action to a district which the plaintiff seeks to avoid. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991). The Court concludes that transfer to the district court in Virginia would be not be appropriate as Plaintiff seeks to avoid transfer to that district. The Complaint is dismissed as to Defendant Cambridge.

**IV.   Motion to Dismiss Claims Against Defendants Summers and Hughes for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2)**

Defendants Summers and Hughes contend that they are not subject to personal jurisdiction in the State of California on the grounds that any contact that they had with Plaintiff resulted from their work for Cambridge International Systems in Virginia. Defendants Summers and Hughes contend that individual personal jurisdiction cannot be based on acts they performed in their official capacities as employees of Cambridge International Systems. Defendants Summers and Hughes contend that they were not the primary participants in the alleged wrongdoing.

Plaintiff contends that Defendants Summers and Hughes are subject to specific personal jurisdiction on the grounds that they focused their actions on Plaintiff who suffered harm in California. Plaintiff contends that Defendant Summers "made untrue representations to Plaintiff, in California, as to the length of time that his employment by Cambridge would last," which is the basis for Plaintiff's claim of violation of California Labor Code section 970. (ECF No. 10 at 11). Plaintiff contends that Defendant Hughes "falsely represented to [the California Employment Development Department], in California, that Plaintiff had been

terminated for poor performance," which is the basis for Plaintiff's tort claims. *Id.*

On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prarie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990). Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy this burden. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. *AT&T v. Campagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.; see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal."). "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977).

A court exercises specific personal jurisdiction over a defendant where the claim arises out of or has a substantial connection to the defendant's contact with the forum. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007).

The first prong of the personal jurisdiction analysis "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Menken*, 503 F.3d at 1057.  Purposeful availment may be satisfied by a defendant "'whose only 'contact' with the foreign state is the 'purposeful direction' of a foreign act having effect in the forum state.'" *Dole Food Co.*, 303 F.3d at 1111 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir. 1986)).

"[I]t is well established ... that for jurisdictional purposes the acts of corporate officers and directors, in their official capacities, are acts exclusively [by] the corporation, and are thus not material for purposes of establishing minimum contacts as to individuals." *Mihlon v. Superior Court*, 169 Cal. App. 3d 703, 713 (1985) (citations omitted) (explaining that "[i]mplicit in this principle is the consideration that corporations are separate legal entities that cannot speak or act without their designated officers and directors.").  "[A]bsent a direct showing by plaintiff that the officers of a nonresident corporation acted in other than their official capacities on behalf of the corporation in dealing with plaintiff in California, the officers may not be subjected to California jurisdiction personally." *Id*. (citing *Shearer v. Superior Court*, 70 Cal. App .3d 424, 429-30 (Cal. App. 1977) (holding that although the verified complaint alleged claims against corporate officers in their individual capacities, plaintiff did not meet his burden to show that the conduct was performed in the defendant's individual capacity to demonstrate personal jurisdiction).  However, "an employee, officer, or director may be subject to personal jurisdiction where the individual is a 'primary participant' in the alleged wrongdoing; i.e., where the individual had 'control of, and direct participation in the alleged activities.'" *Slaughter v. Van Cleve*, Case No. CV-07-6599 CAS (FFMx), 2007 WL 4357567 at *9 n.3 (C.D. Cal. Dec. 10, 2007) (quoting *Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) (holding that the defendants' "contacts with California are not to be judged according to their employer's activities there[; however,] .... [e]ach defendant's contacts with the forum State must be assessed individually.").

1    In this case, Plaintiff alleges that Defendant Summers, Senior Vice President for
2 Strategy, Enterprise, and Market Development for Cambridge, offered Plaintiff a position as
3 a Business Development Manager in Cambridge's San Diego office.  Plaintiff alleges that
4 Summers misrepresented that Cambridge International Systems was a large and stable
5 company and that the position "would last a reasonable period of time."  *Id*. at 9.

6    In this case, Plaintiff alleges that Defendant Hughes, Director of Human Resources for
7 Cambridge, sent Plaintiff an email on December 1, 2011, explaining that Plaintiff was getting
8 laid off due to a "reorganization."  *Id*. at 10.  Plaintiff alleges that on December 15, 2011,
9 Defendant Hughes sent a letter to the California Employment Development Department stating
10 that Plaintiff had been terminated for unsatisfactory performance.

11    Apart from the conclusory allegations in the Complaint that Summers and Hughes were
12 acting in their individual capacities, Plaintiff has failed to show that the actions of Defendants
13 were performed in their individual capacities and not in their official capacities as Senior Vice
14 President for Strategy, Enterprise, and Market Development and Director of Human Resources
15 for Cambridge International systems.  *See Shearer*, 70 Cal. App .3d at 429-30.  Plaintiff has
16 failed to carry his burden to show that Defendants Summers and Hughes were the "primary
17 participants" in the alleged wrongdoing and had "control of, and direct participation in the
18 alleged activities."  *See Slaughter*, 2007 WL 4357567 at *9 n.3.  The Court concludes that
19 Plaintiff has failed to satisfy the first prong of the personal jurisdiction analysis because he
20 failed to make a prima facie showing that Defendants purposefully directed activities at
21 California.  Because the Court has found that Plaintiff failed to make a prima facie showing
22 that Summers and Hughes purposefully availed itself of jurisdiction in California, the Court
23 does not need to address relatedness or reasonableness.

24 **V.    Conclusion**

25    IT IS HEREBY ORDERED that the Motion for Leave to File First Amended and/or
26 Supplemental Complaint and Remand to State Court (ECF No. 12) filed by Plaintiff Yarry Fine
27 is DENIED.  The Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ.
28 P. 12(b)(2), for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3), or in the Alternative, to

Transfer to Eastern District of Virginia (ECF No. 6) filed by Defendants Cambridge International Systems, Inc., Heather Summers, and Edward Hughes is GRANTED. This case is DISMISSED.

DATED: July 11, 2012

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge