1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  YARRY FINE,                           CASE NO. 12cv165 WQH (BGS)

12                           Plaintiff,   **ORDER**
         vs.
13  CAMBRIDGE INTERNATIONAL
    SYSTEMS, INC., a Virginia corporation;
14  HEATHER SUMMERS, a Virginia
    resident; EDWARD HUGHES, a Virginia
15  resident; DOES 1 through 10, inclusive,

16                           Defendants.

17  HAYES, Judge:

18          On December 20, 2011, Plaintiff Yarry Fine commenced this action by filing the

19  Complaint in San Diego County Superior Court.  (ECF No. 1 at 6).  On January 20,

20  2012, Defendants Cambridge International Systems, Inc. ("Cambridge"), Edward

21  Hughes, and Heather Summers removed to this Court on the basis of diversity of

22  citizenship.  (ECF No. 1).  On January 30, 2012, Defendants filed a motion to dismiss

23  pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).  (ECF No. 6).

24  Defendants contended that the Court lacked personal jurisdiction over Defendants

25  Hughes and Summers and that venue was improper pursuant to 11 U.S.C. section

26  1406(a).  On May 3, 2012, Plaintiff filed a motion for leave to file a first amended

27  complaint.  (ECF No. 12).  Plaintiff sought leave to join non-diverse defendants.

28          On July 11, 2012, the Court issued an order denying Plaintiff's motion for leave

1   to file a first amended complaint, granting Defendants' motion to dismiss for improper

2   venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and granting Defendants'

3   motion to dismiss as to Defendants Hughes and Summers for lack of personal

4   jurisdiction.  (ECF No. 15).  As to improper venue, the Court found that Plaintiff had

5   failed to show that the forum selection clause governing Plaintiff's employment with

6   Defendant Cambridge was unenforceable.  The Court dismissed the Complaint as to

7   Defendant Cambridge pursuant to 28 U.S.C. section 1406(a).  In addition, the Court

8   found that it lacked personal jurisdiction over Defendants Summers and Hughes and

9   dismissed the Complaint as to Defendants Summers and Hughes.

10      On appeal, the Ninth Circuit Court of Appeals found that a forum selection

11   should be enforced by a motion to transfer under 28 U.S.C. section 1404(a), not a

12   motion to dismiss or transfer pursuant to section 1406(a).  (ECF No. 23 at 4) (citing

13   *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S.Ct. 568

14   (2013)).  The Ninth Circuit noted that "[w]hile Fine did not specify the statute under

15   which he sought to transfer this case, his failure to do so does not preclude the district

16   court from considering his motion to transfer under 28 U.S.C. § 1404.  *Atlantic Marine*

17   calls for such a consideration."  (ECF No. 23 at 4).  The Ninth Circuit remanded "with

18   instructions that the district court consider Fine's motion to transfer under Section

19   1404(a)."  *Id.*  The Ninth Circuit further instructed that "[i]t was not necessary for the

20   district court to assess whether it has personal jurisdiction over the individual

21   defendants ... [and] the district court need only address personal jurisdiction if it

22   declines to transfer this action under Section 1404(a)."  *Id.* at 5.

23      On September 26, 2014, the Court issued an order requiring that "the parties are

24   each to file a status report indicating how each party wishes to proceed in this case no

25   later than **twenty (20) days** from the date this Order is filed."  (ECF No. 22 at 1).  On

26   October 16, 2014, the parties filed status reports.  (ECF Nos. 24-25).

27      Defendants request that the Court transfer this case to the Eastern District of

28   Virginia, but "welcome the opportunity to brief the Court further on *Atlantic Marine*

1   and why a Section 1404(a) transfer is appropriate" in this case.  (ECF No. 25 at 6).

2   Plaintiff requests that the Court order Defendant Cambridge to answer the Complaint

3   and provide a deadline for Defendants Hughes and Summers to file a renewed motion

4   to dismiss for lack of personal jurisdiction.   Plaintiff contends that Defendant

5   consciously chose not to file a motion to transfer pursuant to 28 U.S.C. section 1404.

6   Alternatively, Plaintiff requests that the Court set a deadline for Defendants to file a

7   motion to transfer pursuant to section 1404.

8       The Court Ninth Circuit Court of Appeals vacated the Court's July 11, 2012

9   Order insofar as it dismissed the Complaint for improper venue and lack of personal

10  jurisdiction.  The Court will address a motion to transfer, if filed, prior to considering

11  a renewed motion to dismiss for lack of personal jurisdiction.

12      IT IS HEREBY ORDERED that Defendants shall file an answer to the Complaint

13  or a Rule 12 motion, as permitted by Rule 12 at this stage of the proceedings, **within**

14  **twenty-one (21) days** from the date this Order is filed.  Defendants may file a renewed

15  motion to transfer pursuant to 28 U.S.C. section 1404 and Defendants Hughes and

16  Summers may file a renewed motion to dismiss pursuant to Federal Rule of Civil

17  Procedure 12(b)(2) **within twenty-one (21) days** from the date this order is filed.

18  DATED:  October 22, 2014

19

20  **WILLIAM Q. HAYES**
    United States District Judge

21

22

23

24

25

26

27

28